**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **FORD GLOBAL TECHNOLOGIES, LLC** | Case No. 3:26-cv-361 |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **SPY TEAM LLC, dba SPYDER AUTO GROUP,** | |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

Plaintiff Ford Global Technologies, LLC ("FGTL"), by and through its undersigned counsel, for its Complaint against Spy Team LLC, dba Spyder Auto Group ("Spyder" or "Defendant"), states as follows:

## I.    THE PARTIES

1.    Ford Global Technologies, LLC is a limited liability company organized and existing under the laws of the State of Michigan, having a principal place of business at 330 Townsend Drive, Suite 800 South, Dearborn, MI 48126.

2.    FGTL, a wholly owned subsidiary of Ford Motor Company ("Ford"), owns and manages Ford's extensive portfolio of intellectual property rights arising from its automotive and parts businesses.

3.    On information and belief, Spy Team LLC is a California limited liability company conducting business as Spyder Auto Group (hereinafter "Spyder"). Spy Team LLC maintains its principal place of business at 19395 E Walnut Dr North, City of Industry, California 91748.

4.    On information and belief, Nelson Li is the registered agent for Spy Team LLC and is directly involved in managing Spyder's operations.

5.    On information and belief, Spyder maintains a 90,000-square-foot facility in Dallas, Texas. https://shop.spyderauto.com/pages/locations

## II.    JURISDICTION AND VENUE

6.    This is an action for design patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

7.    The Court has subject matter jurisdiction over this action pursuant to *inter alia*, 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (action arising under the Patent Act).

8.    On information and belief, Defendants offer for sale and sell the infringing automotive parts nationwide, including in this District, to and through a network of third-party retailers and authorized dealers, including CarID.com, TruckID.com, AutoAccessoriesGarage.com, Jegs.com, and XtremeDiesel.com, thereby committing acts of infringement that subject them to the jurisdiction of this Court.

9.    Venue and personal jurisdiction are appropriate in this Court under 28 U.S.C. § 1400 because Defendants have committed acts of infringement in this District and Defendant has a regular and established place of business in this District.

## III.    FACTUAL ALLEGATIONS

### A.    FGTL's Patents

10.    FGTL has filed and been issued numerous design patents to protect its valuable intellectual property in its automobiles, and its automotive part designs.

11.    FGTL is the owner of the following U.S. Design Patents (collectively "FGTL Design Patents-in-Suit").

| U.S. Patent No. | Title | Ford Vehicle(s) |
|---|---|---|
| D708,365 | Vehicle headlight | 2009-2014 F-150 |
| D806,291 | Vehicle tail lamp | 2015-2020 F-150 |
| D771,851 | Vehicle tail lamp | 2017-2022 F-250, F-350, F-450 |
| D919,852 | Vehicle tail lamp | 2021-2023 F-150 |
| D903,157 | Vehicle headlight | 2020-2021 F-250, F-350, F-450 |
| D919,854 | Vehicle headlight | 2021-2023 F-150 |
| D919,855 | Vehicle headlight | 2021-2023 F-150 |

12.    FGTL is also the owner of the U.S. Design Patents included in the schedule attached as Exhibit 1.

**2009-2014 Ford F-150**

13.    In 2009, Ford launched a redesign of its F-150 pickup truck, featuring updates to its exterior styling, as shown below. This transformation reflected years of dedicated design efforts and significant financial commitment from Ford.

14.    For the 2009 F-150, Ford's team of professional automotive designers dedicated years to thoughtfully shaping every element of the F-150. Highly trained in industrial and automotive design, they worked meticulously to define the precise contours, angles, and dimensions of each component. Developing the new headlamps and related front-end elements required a rigorous, multi-stage process involving hand sketches, advanced digital renderings, and fabrication of prototype parts. Through this careful work, Ford produced visually impactful and artistically crafted designs that set the 2009 F-150 apart.

3



2009 F-150

15.     The same redesigned headlight design was used consistently at least through the 2014 F-150 model year.

16.     U.S. Patent No. D708,365 ("the '365 Patent"), entitled "Vehicle headlight," issued on July 1, 2014, lists inventors Gordon M. Platto and Bruce K. Wiliams and is assigned to FGTL. A copy of the '365 Patent is attached as Exhibit 2.

17.     Alternate headlight styles were available for use on the 2009-2014 F-150 trucks that feature different aesthetic appearances from those claimed in the '365 Patent.

***2015-2020 Ford F-150***

18.     In 2015, Ford launched a redesign of its F-150 pickup truck, featuring updates to its exterior styling, as shown below. This transformation reflected years of dedicated design efforts and significant financial commitment from Ford.

19.     For the 2015 F-150 redesign, Ford's team of professional automotive designers dedicated years to thoughtfully shaping every element of the F-150. Highly trained in industrial and automotive design, they worked meticulously to define the precise contours, angles, and dimensions of each component. Developing

4

the new tail lamps and related back-end elements required a rigorous, multi-stage process involving hand sketches, advanced digital renderings, and fabrication of prototype parts. Through this careful work, Ford produced visually impactful and artistically crafted designs that set the 2015 F-150 apart.



2018 F-150

20.    The same redesigned tail lamp design was used consistently at least through the 2020 F-150 model year.

21.    U.S. Patent No. D806,291 ("the '291 Patent"), entitled "Vehicle tail lamp," issued on January 2, 2018, lists inventors Gordon M. Platto, Sean W. Tant, Anthony Meyer, and Bruce P. Williams and is assigned to FGTL. A copy of the '291 Patent is attached as Exhibit 3.

22.    Alternate tail lamp styles were available for use on the 2021–2023 F-150 trucks that feature different aesthetic appearances from those claimed in the '291 Patent.

### 2021-2023 Ford F-150

23.    In 2021, Ford launched a redesign of its F-150 pickup truck, featuring updates to its exterior styling, as shown below. This transformation reflected years of dedicated design efforts and significant financial commitment from Ford.

24.    For the 2021 F-150 redesign, Ford's team of professional automotive designers dedicated years to thoughtfully shaping every element of the F-150. Highly trained in industrial and automotive design, they worked meticulously to define the precise contours, angles, and dimensions of each component. Developing the new headlamps, related front-end elements, tail lamps, and related back-end elements required a rigorous, multi-stage process involving hand sketches, advanced digital renderings, and fabrication of prototype parts. Through this careful work, Ford produced visually impactful and artistically crafted designs that set the 2021 F-150 apart.



2021 F-150

25.    The same headlight and tail lamp designs was used consistently at least through the 2023 F-150 model year.

26.    U.S. Patent No. D919,852 ("the '852 Patent"), entitled "Vehicle tail lamp," issued on May 18, 2021, lists inventors Ehab N. Kaoud, William K. Moore, Joshua Henry, and Andrew Bazinski and is assigned to FGTL. A copy of the '852 Patent is attached as Exhibit 4.

27.    Alternate tail lamp styles were available for use on the 2021–2023 F-150 trucks that feature different aesthetic appearances from those claimed in the '852 Patent.

28.    U.S. Patent No. D919,854 ("the '854 Patent"), entitled "Vehicle headlight," issued on May 18, 2021, lists inventors Ehab N. Kaoud, William K. Moore, Joshua Henry, and Jiacheng Liu and is assigned to FGTL. A copy of the '854 Patent is attached as Exhibit 5.

29.    U.S. Patent No. D919,855 ("the '855 Patent"), entitled "Vehicle headlight," issued on May 18, 2021, lists inventors Ehab N. Kaoud, William K. Moore, and Joshua Henry and is assigned to FGTL. A copy of the '855 Patent is attached as Exhibit 6.

30.    Alternate headlight styles were available for use on the 2021–2023 F-150 trucks that feature different aesthetic appearances from those claimed in the '854 and '855 Patents.

### 2017-2022 Ford F-250; F-350; F-450

31.    In 2017, Ford launched a redesign of the Ford F-250, F-350, and F-450 pickup trucks, featuring updates to their exterior styling, as shown below. These transformations reflected years of dedicated design efforts and significant financial commitment from Ford.

32.    For the 2017 F-250, F-350, and F-450 redesigns, Ford's team of professional automotive designers dedicated years to thoughtfully shaping every

element of the F-250, F-350, and F-450 designs. Highly trained in industrial and automotive design, they worked meticulously to define the precise contours, angles, and dimensions of each component. Developing the new tail lamps and related back-end elements required a rigorous, multi-stage process involving hand sketches, advanced digital renderings, and fabrication of prototype parts. Through this careful work, Ford produced visually impactful and artistically crafted designs that set the F-250, F-350, and F-450 apart.



2017 F-250                  2017 F-350                  2017 F-450

33.    The same tail lamp design was used consistently at least through the 2022 F-250, F-350, and F-450 model years.

34.    U.S. Patent No. D771,851 ("the '851 Patent"), entitled "Vehicle tail lamp," issued on November 15, 2016, names inventors Gordon Platto, Sean Tant, William K. Moore, Richard Howard, and Bruce P. Williams and is assigned to FGTL. A copy of the '851 Patent is attached as Exhibit 7.

35.    Alternate tail lamp designs were offered for sale for use on the 2017-2022 F-250, F-350, and F-450 vehicles that have a different aesthetic appearance than those covered by the '851 Patent.

36.    In 2020, Ford launched a redesign of the Ford F-250, F-350, and F-450 pickup truck, featuring updates to its exterior styling, as shown below. This transformation reflected years of dedicated design efforts and significant financial commitment from Ford.

37.    For the 2020 F-250, F-350, and F-450 redesigns, Ford's team of professional automotive designers dedicated years to thoughtfully shaping every element of the F-250, F-350, and F-450 designs. Highly trained in industrial and automotive design, they worked meticulously to define the precise contours, angles, and dimensions of each component. Developing the new headlamps and related front-end elements required a rigorous, multi-stage process involving hand sketches, advanced digital renderings, and fabrication of prototype parts. Through this careful work, Ford produced visually impactful and artistically crafted designs that set the 2020 F-250, F-350, and F-450 apart.



2020 F-250                    2020 F-350                    2020 F-450

38.    The same headlight design was used consistently at least through the 2022 F-250, F-350, and F-450 model years.

39.     U.S. Patent No. D903,157 ("the '157 Patent"), entitled "Vehicle headlight," issued on November 15, 2016, names inventors Gordon Platto, Sean Tant, and Joshua Henry and is assigned to FGTL. A copy of the '157 Patent is attached as Exhibit 8.

40.     Alternate headlight designs were offered for sale for use on the 2020-2021 F-250, F-350, and F-450 vehicles that have a different aesthetic appearance than those covered by the '157 Patent.

**B.     Defendant's Infringing Activities**

41.     Defendant is engaged in the manufacture and distribution of aftermarket automotive parts and accessories, including headlights and tail lamps that embody designs protected by FGTL's U.S. design patents.

42.     However, Defendant does not typically sell these infringing products directly to consumers through its own retail website. Instead, on information and belief, Defendant relies on a network of authorized dealers and third-party retailers to market and sell its replacement parts nationwide, including into this District.

***Ford's Letter Campaign***

43.     On April 18, 2024, counsel for FGTL sent Spyder a cease-and-desist letter detailing Spyder's infringement of FGTL's intellectual property rights. The letter specifically identified Spyder's sale of automotive parts—namely headlights and tail lamps—that infringed FGTL's design patents.

44.    The April 2024 letter referenced FGTL's previous successful enforcement of its design patents in this District against willful infringers, specifically *Ford Global Technologies, LLC v. New World International, Inc., et al.*, Case No. 3:17-cv-03201 (N.D. Texas).

45.    The April 2024 letter also attached a six-page schedule titled "Ford Design Patents for Head Lamps and Tail Lamps," which cataloged Ford part numbers, corresponding U.S. Design Patent numbers, and the associated makes, models, and years of the Ford vehicles and placed Spyder on express notice that sale of Factory-Style Ford Replacement Parts infringed the Ford identified design patents.

46.    On May 10, 2024, counsel for Spyder responded, asserting that Spyder had never carried a product matching one of the identified Ford Replacement Parts and further stating that, with respect to the remaining four parts, Spyder had "stopped the sales and has stopped the online listings, and [] no longer offers the products for sale." Spyder's response entirely disregarded the extensive list of Ford part numbers and design patents contained in the attached schedule, but stated that "Spyder Auto "respects the IP rights of others."

47.    Ford sent Spyder another letter in August 2024, identifying these continued infringing offerings and again reiterating that Spyder needed to review its offerings against the design patent list provided.

48.    Spyder did not respond to FGTL's August 2024 letter.

49.     On November 4, 2024, FGTL sent another letter.

50.     Spyder did not respond to FGTL's November 2024 correspondence.

51.     FGTL sent Spyder an additional letter in February 2025, again requesting a comprehensive review of Spyder's inventory and a full accounting of past sales of its Ford Replacement Parts.

52.     Counsel for Spyder responded, but addressed only a limited subset of the part numbers identified in FGTL's original correspondence and entirely ignored the additional Ford design patents expressly identified by FGTL. Even with respect to the limited parts addressed, Spyder represented that it had "taken down all the links of the products that Ford objected to," including Ford Part No. HC3Z-13405, and further asserted that it had "neither sold nor shipped any of the objected-to products … since at least as early as [its] prior response date of May 10, 2024."

53.     Spyder's representations were false. In July 2025, FGTL, by and through its counsel, purchased Spyder Part No. ALT-JH-FS17-FLED-OE-L— corresponding to Ford Part No. HC3Z-13405—from Spyder's authorized dealer, CarID.com. The infringing product was shipped in July 2025 directly from Spyder's facility located at 19395 E. Walnut Drive, City of Industry, California 91748.

54.     In March 2025, FGTL sent another letter to Spyder, again demanding a comprehensive accounting of Spyder's inventory of infringing products and documentation substantiating Spyder's claims that it had removed the remaining infringing listings.

55.    Spyder did not respond.

56.    In a final effort to resolve this matter without burdening the Court, FGTL sent Spyder a further letter in December 2025 seeking compliance and confirmation of Spyder's cessation of infringing conduct.

57.    Spyder responded, stating it removed the certain "listings," but failed to provide an accounting of the infirming sales as requested nor did it confirm that it would no longer selling infringing parts through other channels.

58.    On information and belief, sometime after the initial letters from FGTL, Spyder took actions to conceal its blatant infringement. Specifically, Spyder, although continuing to sell infringing parts to distributors, concealed such activities by requiring approval from Spyder before offering for sale or presenting "Factory-Style" parts that identically mimic the look of Ford's original and patented OEM parts top wholesalers.

59.    As a result of Spyder's continued infringement and repeated failures to address FGTL's concerns, FGTL has been left with no choice but to file this action to protect its valuable intellectual property rights, preserve the integrity of its designs, and prevent further harm to its business and reputation.

***Spyder's Authorized Dealers***

60.    Since the March 2025, FGTL has undertaken further investigation, including additional research into Spyder's extensive sales through authorized dealers and third-party retailers.

61.    This investigation revealed that Spyder's infringing activities extend beyond the initially identified products and patents. Spyder infringes additional Ford design patents that cover ornamental designs embodied in Spyder's "Factory Style" replacement parts.

62.    On information and belief, Spyder does not sell these infringing replacement parts directly to consumers but instead funnels sales through a network of third-party authorized dealers and online retailers.  On the Spyder website, instead of advertising such parts directly, Spyder provides a link to a "Replacement Parts Form" for the "Lower 48 States" which requires its customers, distributors, retailers, or potential customers to request information regarding potentially infringing parts, obscuring its infringing behavior.

63.     On information and belief, these authorized retailers or "Authorized Dealers," include at least CarID.com and TruckID.com.

64.    Through CarID.com and TruckID.com, Spyder sells "Factory Style" headlights and taillights for Ford vehicles.

65.    This practice serves to mask the scope of Spyder's own infringing activities and to distance Spyder from the retail transactions, making FGTL's initial efforts to fully identify all infringing products and related patents more difficult.

66.    On information and belief, Spyder fulfills and ships CarID.com and TruckID.com "Factory Style" headlight and taillight purchases for Ford vehicles out of its headquarters at 19395 E Walnut Dr North, City of Industry, California 91748

or its distribution centers in Dallas, Texas and Summerville, South Carolina.

https://shop.spyderauto.com/pages/locations

**Spyder's "Factory Style" Tail Lights**

67.    On CarID.com, Spyder promotes its "Factory Style Tail Lights" as being "[d]esigned with meticulous attention to detail," claiming they are "identical to original components in every way," offering the same quality, appearance, fit, and installation method."

68.    Spyder further advertises these "Factory Style Tail Lights" by stating: "Get these premium replacement taillights by Spyder, which are designed with meticulous attention to detail to look and function just like original components."

69.    Spyder's use of "Factory Style" part names and advertising claims that these parts are "identical" to original equipment is likely to mislead consumers into believing that the products are associated with, endorsed by, or manufactured by Ford Motor Company. This risk of confusion is particularly concerning given that the quality and reliability of these parts often fall far short of genuine Ford Replacement Parts.

70.    For example, CarID.com lists for sale the "Spyder® ALT-JH-FF15019-H-RC - Driver and Passenger Side Chrome/Red Factory Style Tail Lights," identified by Spyder Part Number ALT-JH-FF15019-H-RC and MPN 9950889, shown below.



71.    The "Specifications" section of the listing for Spyder Part Number ALT-JH-FF15019-H-RC identifies the Part Class as a "Replacement."

72.    The listing indicates Spyder Part Number ALT-JH-FF15019-H-RC is "Vehicle Specific" and indicates a "Guaranteed Fit" for model years 2015-2020 Ford F-150.

73.     For example, TruckID.com lists for sale the "Spyder® - Driver Side Chrome/Red Factory Style LED Tail Light," identified by Spyder Part Number ALT-JH-FS17-FLED-OE-L and MPN 5153518022, shown below.



74.    The "Specifications" section of the listing for Spyder Part Number ALT-JH-FS17-FLED-OE-L identifies the Part Class as a "Replacement."

16

75.     The listing indicates Spyder Part Number ALT-JH-FS17-FLED-OE-L is "Vehicle Specific" and indicates a "Guaranteed Fit" for model years 2017-2022 of the Ford F-250, F-350, and F-450.

76.     For example, CarID.com lists for sale the "Spyder® ALT-JH-FF15021-BSD-OE-R - Passenger Side Chrome/Red Factory Style Tail Light," identified by Spyder Part Number ALT-JH-FF15021-BSD-OE-R and MPN 4953815886, shown below.



77.     The "Specifications" section of the listing for Spyder Part Number ALT-JH-FF15021-BSD-OE-R identifies the Part Class as a "Replacement."

78.     The listing indicates Spyder Part Number ALT-JH-FF15021-BSD-OE-R is "Vehicle Specific" and indicates a "Guaranteed Fit" for model years 2021-2023 of the Ford F-150.

***Spyder's "Factory Style" Headlights***

79.     On information and belief, through Defendant's "Authorized Dealers"—specifically CarID.com and TruckID.com—Spyder offers "Factory Style Headlights" for Ford vehicles.

80.    On both CarID.com and TruckID.com, Spyder promotes these "Factory Style Headlights" as being "the same as original equipment in every way except for the price."

81.    Spyder further markets these headlights by claiming: "A Spyder Factory style headlight is identical to the original unit in every way; same quality, same method of installation. A Spyder headlight is not some cheap universal fit part that will require extensive modifications to your vehicle for fitment. It will mount the same way and look and function exactly the same as the original."

82.    For example, CarID.com lists for sale the "Spyder® HD-JH-FF15013-HID-OE-L - Driver Side Chrome Factory Style Projector Headlight," identified by Spyder Part Number HD-JH-FF15013-HID-OE-L and MPN 9959318, shown below.



83.    The "Specifications" section of the listing for Spyder Part Number HD-JH-FF15013-HID-OE-L identifies the Part Class as a "Replacement."

84.     The listing indicates Spyder Part Number HD-JH-FF15013-HID-OE-L is "Vehicle Specific" and indicates a "Guaranteed Fit" for model years 2013-2014 of the Ford F-150.

85.     For example, TruckID.com lists for sale the "Spyder® - Passenger Side Chrome Factory Style Projector LED Headlight," identified by Spyder Part Number HD-JH-FS20-FLED-OE-R and MPN 9958106, shown below.



86.     The "Specifications" section of the listing for Spyder Part Number HD-JH-FS20-FLED-OE-R identifies the Part Class as a "Replacement."

87.     The listing indicates Spyder Part Number HD-JH-FS20-FLED-OE-R is "Vehicle Specific" and indicates a "Guaranteed Fit" for model years 2020-2022 of the Ford F-250, F-350, and F-450.

88.     For example, TruckID.com lists for sale the "Spyder® HD-JH-FF15021-OE-L - Driver Side Chrome Factory Style Headlight," identified by Spyder Part Number HD-JH-FF15021-OE-L and MPN 9952289, shown below.



89.    The "Specifications" section of the listing for Spyder Part Number HD-JH-FF15021-OE-L identifies the Part Class as a "Replacement."

90.    The listing indicates Spyder Part Number HD-JH-FF15021-OE-L is "Vehicle Specific" and indicates a "Guaranteed Fit" for model years 2021-2023 Ford F-150.

91.    For example, TruckID.com lists for sale the "Spyder® - Driver Side Chrome Factory Style Headlight," identified by Spyder Part Number HD-JH-FF15021-OE-L and MPN 9952289, shown below.



92.    The "Specifications" section of the listing for Spyder Part Number HD-JH-FF15021-OE-L identifies the Part Class as a "Replacement."

93.    The listing indicates Spyder Part Number HD-JH-FF15021-OE-L is "Vehicle Specific" and indicates a "Guaranteed Fit" for model years 2021-2023 of the Ford F-150.

## IV.    COUNT I – INFRINGEMENT OF FGTL
### '365 DESIGN PATENT
(2013-2014 F-150 Headlight)

94.    Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

95.    Defendant has infringed and continues to infringe the '365 patent by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including the State of Texas and within this District, products infringing the ornamental design covered by the '365 Patent in violation of 35 U.S.C. § 271(a).

96.    A comparison of Figure 1 of the '365 Patent and Part Number HD-JH-FF15013-HID-OE-L (MPN 9959318) offered for sale by Spyder is shown below and Exhibit 9.



97.    FGTL is entitled to a complete accounting of all revenue and profits derived by Defendant from the unlawful conduct alleged herein, including without limitation, Ford's damages pursuant to 35 U.S.C. § 284 and/or Defendant's total profit pursuant to 35 U.S.C. § 289.

98.    Defendant has engaged and are engaged in willful and deliberate infringement of the '365 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant the 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

99.    Defendant has caused irreparable harm to Ford, its designs, its reputation, and its business. FGTL is entitled to a permanent injunction preventing Defendant from further infringing the '365 Patent.

## V.    COUNT II – INFRINGEMENT OF FGTL '291 DESIGN PATENT

### (2015-2020 F-150 Headlight)

100.    Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

101.    Defendant has infringed and continues to infringe the '291 patent by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including the State of Texas and within this District, products infringing the ornamental design covered by the '291 Patent in violation of 35 U.S.C. § 271(a).

102.   A comparison of Figure 1 of the '291 Patent and Part Number ALT-JH-FF15019-H-RC (MPN 9950889) offered for sale by Spyder is shown below and Exhibit 10.



103.   FGTL is entitled to a complete accounting of all revenue and profits derived by Defendant from the unlawful conduct alleged herein, including without limitation, Ford's damages pursuant to 35 U.S.C. § 284 and/or Defendant's total profit pursuant to 35 U.S.C. § 289.

104.   Defendant has engaged and are engaged in willful and deliberate infringement of the '291 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant the 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

105.   Defendant has caused irreparable harm to Ford, its designs, its reputation, and its business. FGTL is entitled to a permanent injunction preventing Defendant from further infringing the '291 Patent.

## VI.   COUNT III – INFRINGEMENT OF FGTL '851 DESIGN PATENT

(2017-2022 F-250, F-350, F-450 Taillight)

106.   Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

107.   Defendant has infringed and continues to infringe the '851 patent by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including the State of Texas and within this District, products infringing the ornamental design covered by the '851 Patent in violation of 35 U.S.C. § 271(a).

108.   A comparison of Figure 1 of the '851 Patent and Part Number ALT-JH-FS17-FLED-OE-L (MPN 5153518022) offered for sale by Spyder is shown below and Exhibit 11.



| '851 Patent, Figure 1 | Defendant's Taillight |

109.  FGTL is entitled to a complete accounting of all revenue and profits derived by Defendant from the unlawful conduct alleged herein, including without limitation, Ford's damages pursuant to 35 U.S.C. § 284 and/or Defendant's total profit pursuant to 35 U.S.C. § 289.

110.  Defendant has engaged and are engaged in willful and deliberate infringement of the '851 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant the 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

111.  Defendant has caused irreparable harm to Ford, its designs, its reputation, and its business. FGTL is entitled to a permanent injunction preventing Defendant from further infringing the '851 Patent.

## VII.   COUNT IV – INFRINGEMENT OF FGTL
## '852 DESIGN PATENT

(2021-2023 F-150 Taillight)

112.   Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

113.   Defendant has infringed and continues to infringe the '852 patent by, inter alia, making, using, importing, offering to sell, or selling in the United States, including the State of Texas and within this District, products infringing the ornamental design covered by the '852 Patent in violation of 35 U.S.C. § 271(a).

114.   A comparison of Figure 2 of the '852 Patent and Part Number ALT-JH-FF15021-BSD-OE-R (MPN 4953815886) offered for sale by Spyder is shown below and Exhibit 12.



115.   FGTL is entitled to a complete accounting of all revenue and profits derived by Defendant from the unlawful conduct alleged herein, including without

limitation, Ford's damages pursuant to 35 U.S.C. § 284 and/or Defendant's total profit pursuant to 35 U.S.C. § 289.

116.  Defendant has engaged and are engaged in willful and deliberate infringement of the '852 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant the 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

117.  Defendant has caused irreparable harm to Ford, its designs, its reputation, and its business. FGTL is entitled to a permanent injunction preventing Defendant from further infringing the '852 Patent.

## VIII.  COUNT V – INFRINGEMENT OF FGTL
## '157 DESIGN PATENT
(2020-2021 F-250, F-350, F-450 Headlight)

118.  Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

119.  Defendant has infringed and continues to infringe the '157 patent by, inter alia, making, using, importing, offering to sell, or selling in the United States, including the State of Texas and within this District, products infringing the ornamental design covered by the '157 Patent in violation of 35 U.S.C. § 271(a).

120.   A comparison of inverted Figure 1 of the '157 Patent and Part Number HD-JH-FF15021-LED-OE-R (MPN 5023762764) offered for sale by Spyder is shown below and Exhibit 13.



121.   FGTL is entitled to a complete accounting of all revenue and profits derived by Defendant from the unlawful conduct alleged herein, including without limitation, Ford's damages pursuant to 35 U.S.C. § 284 and/or Defendant's total profit pursuant to 35 U.S.C. § 289.

122.   Defendant has engaged and are engaged in willful and deliberate infringement of the '157 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant the 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

123.    Defendant has caused irreparable harm to Ford, its designs, its reputation, and its business. FGTL is entitled to a permanent injunction preventing Defendant from further infringing the '157 Patent.

## IX.    COUNT VI – INFRINGEMENT OF FGTL
## '854 DESIGN PATENT
(2021-2023 F-150 Headlight)

124.    Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

125.    Defendant has infringed and continues to infringe the '854 patent by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including the State of Texas and within this District, products infringing the ornamental design covered by the '854 Patent in violation of 35 U.S.C. § 271(a).

126.    A comparison of Figure 1 of the '854 Patent and Part Number HD-JH-FF15021-OE-L (MPN 9952289) offered for sale by Spyder is shown below and Exhibit 14.



| '854 Patent, Figure 1 | Defendant's Headlight |
| --- | --- |

Fig.6

127.   FGTL is entitled to a complete accounting of all revenue and profits derived by Defendant from the unlawful conduct alleged herein, including without limitation, Ford's damages pursuant to 35 U.S.C. § 284 and/or Defendant's total profit pursuant to 35 U.S.C. § 289.

128.   Defendant has engaged and are engaged in willful and deliberate infringement of the '854 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant the 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

129.   Defendant has caused irreparable harm to Ford, its designs, its reputation, and its business. FGTL is entitled to a permanent injunction preventing Defendant from further infringing the '854 Patent.

## X.    COUNT VII – INFRINGEMENT OF FGTL '855 DESIGN PATENT

### (2021-2023 F-150 Headlight)

130.   Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

131.   Defendant has infringed and continues to infringe the '855 patent by, inter alia, making, using, importing, offering to sell, or selling in the United States, including the State of Texas and within this District, products infringing the ornamental design covered by the '855 Patent in violation of 35 U.S.C. § 271(a).

132.   A comparison of Figure 6 of the '855 Patent and Part Number HD-JH-FS20-FLED-OE-R (MPN 5102312914) offered for sale by Spyder is shown below and Exhibit 15.



133.   FGTL is entitled to a complete accounting of all revenue and profits derived by Defendant from the unlawful conduct alleged herein, including without limitation, Ford's damages pursuant to 35 U.S.C. § 284 and/or Defendant's total profit pursuant to 35 U.S.C. § 289.

134.   Defendant has engaged and are engaged in willful and deliberate infringement of the '855 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant the 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

135.   Defendant has caused irreparable harm to Ford, its designs, its reputation, and its business. FGTL is entitled to a permanent injunction preventing Defendant from further infringing the '855 Patent.

## RESERVATION OF RIGHTS AND ADDITIONAL CLAIMS

136.    Upon information and belief, and as plausible given the facts alleged above as Exhibit 1, Defendant sells and offers for sale numerous additional products that it classifies as "Factory Style" that are "designed with meticulous attention to detail to look and function just like original components."  When such products designed by Ford are covered by Ford design patents, this continues to be a willful infringement.

137.    Plaintiff expressly reserves its rights under Fed. R. Civ. P. 15 to amend this Complaint to assert infringement of these and other additional patents as may become warranted by further investigation, disclosures, or discovery in this lawsuit. This includes, but is not limited to, the right to assert infringement of other United States design patents owned by FGTL or Ford that may be implicated by Defendant's manufacture, importation, use, offer for sale, or sale of infringing products.

138.    FGTL further reserves the right to amend this Complaint to add such patents, parties and to assert additional counts of patent infringement or other causes of action as may become necessary to fully protect its rights under the law, including but not limited to the U.S. Design Patents identified in Exhibit 1.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a.      A judgment that Defendant infringed the '365 Patent;

b.      A judgment that Defendant infringed the '291 Patent;

c.      A judgment that Defendant infringed the '851 Patent;

d.      A judgment that Defendant infringed the '852 Patent;

e.      A judgment that Defendant infringed the '157 Patent;

f.      A judgment that Defendant infringed the '854 Patent;

g.      A judgment that Defendant infringed the '855 Patent;

h.      Enter an injunction to enjoin Defendants and their officers, agents, attorneys, and employees, those acting in privity or concert with them, and those that receive any of the infringing parts from them from infringing the '365 patent for the full term thereof;

i.      Enter an injunction to enjoin Defendants and their officers, agents, attorneys, and employees, those acting in privity or concert with them, and those that receive any of the infringing parts from them from infringing the '291 patent for the full term thereof;

j.      Enter an injunction to enjoin Defendants and their officers, agents, attorneys, and employees, those acting in privity or concert with them, and those that receive any of the infringing parts from them from infringing the '851 patent for the full term thereof;

k.      Enter an injunction to enjoin Defendants and their officers, agents, attorneys, and employees, those acting in privity or concert with them, and those that

receive any of the infringing parts from them from infringing the '852 patent for the full term thereof;

l.    Enter an injunction to enjoin Defendants and their officers, agents, attorneys, and employees, those acting in privity or concert with them, and those that receive any of the infringing parts from them from infringing the '157 patent for the full term thereof;

m.    Enter an injunction to enjoin Defendants and their officers, agents, attorneys, and employees, those acting in privity or concert with them, and those that receive any of the infringing parts from them from infringing the '854 patent for the full term thereof;

n.    Enter an injunction to enjoin Defendants and their officers, agents, attorneys, and employees, those acting in privity or concert with them, and those that receive any of the infringing parts from them from infringing the '855 patent for the full term thereof;

o.    Award FGTL damages against Defendant adequate to compensate FGTL for the infringement of the '365 patent pursuant to 35 U.S.C. § 284 and/or Defendants' profits pursuant to 35 U.S.C. § 289;

p.    Award FGTL damages against Defendant adequate to compensate FGTL for the infringement of the '291 patent pursuant to 35 U.S.C. § 284 and/or Defendants' profits pursuant to 35 U.S.C. § 289;

q.    Award FGTL damages against Defendant adequate to compensate FGTL for the infringement of the '851 patent pursuant to 35 U.S.C. § 284 and/or Defendants' profits pursuant to 35 U.S.C. § 289;

r.    Award FGTL damages against Defendant adequate to compensate FGTL for the infringement of the '852 patent pursuant to 35 U.S.C. § 284 and/or Defendants' profits pursuant to 35 U.S.C. § 289;

s.    Award FGTL damages against Defendant adequate to compensate FGTL for the infringement of the '157 patent pursuant to 35 U.S.C. § 284 and/or Defendants' profits pursuant to 35 U.S.C. § 289;

t.    Award FGTL damages against Defendant adequate to compensate FGTL for the infringement of the '854 patent pursuant to 35 U.S.C. § 284 and/or Defendants' profits pursuant to 35 U.S.C. § 289;

u.    Award FGTL damages against Defendant adequate to compensate FGTL for the infringement of the '855 patent pursuant to 35 U.S.C. § 284 and/or Defendants' profits pursuant to 35 U.S.C. § 289;

v.    Find that the Defendant's infringement is deliberate and willful, and that the monetary recovery awarded to FGTL be trebled;

w.    A declaration that this is an exceptional case and an award of attorneys' fees, disbursements, and costs of this action pursuant to 35 U.S.C. § 285;

x.    Award FGTL interests and costs, including prejudgment and post-judgment interest; and

y.     Such other and further relief, including but not limited to, costs and attorney fees, as this Court deems appropriate.

## **JURY TRIAL DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) and 5(d), Plaintiff demands a jury trial of all issues triable by jury.

DATED:  February 11, 2026

By: */s/ Melissa R. Smith*
Melissa Richards Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Marc Lorelli (P63156)
Francesca Cusumano-Gibson (P85410)
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI  48067-3846
Telephone: 248-358-4400
mlorelli@brookskushman.com
fcusumano@brookskushman.com

*Attorneys for Ford Global Technologies, LLC*